IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NATURAL RESOURCES DEFENSE COUNCIL, INC., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES ENVIRONMENTAL PROTECTION AGENCY and UNITED STATES DEPARTMENT OF JUSTICE, <br><br> Defendants. | 19-cv-10555 <br> ECF Case |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

**INTRODUCTION**

1. Defendant United States Environmental Protection Agency (EPA) and Defendant United States Department of Justice (DOJ) are violating the Freedom of Information Act (FOIA), 5 U.S.C. § 552, by failing to disclose responsive records requested by Plaintiff Natural Resources Defense Council (NRDC).

2. NRDC submitted FOIA requests to DOJ and EPA on October 7 and October 8, 2019, respectively, for documents reflecting communications between each agency and any third party about the following lawsuits:

*State of Texas v. EPA*, No. 3:15-cv-162 (S.D. Tex.);

*American Farm Bureau Fed'n v. EPA*, No. 3:15-cv-165 (S.D. Tex.); and

*State of Georgia v. Wheeler*, No. 2:15-cv-79 (S.D. Ga.).

3. DOJ's deadline to make a determination on NRDC's request was November 5, 2019, and DOJ was required to notify NRDC immediately of such

determination. DOJ has not notified NRDC of such determination or produced any records to NRDC in response to this request.

4. EPA's deadline to make a determination on NRDC's request was November 6, 2019, and EPA was required to notify NRDC immediately of such determination. EPA has not notified NRDC of such determination or produced any records to NRDC in response to this request.

5. NRDC seeks a declaration that EPA and DOJ have each violated FOIA by failing to provide a final determination as to whether they will comply with NRDC's requests and by failing to promptly produce records. NRDC seeks an injunction ordering EPA and DOJ to disclose without further delay all nonexempt, responsive records to NRDC.

## THE PARTIES

6. Plaintiff NRDC is a national, non-profit environmental and public health membership organization with hundreds of thousands of members nationwide. NRDC engages in research, advocacy, public education, and litigation related to protecting public health and the environment.

7. Defendant EPA is a federal agency within the meaning of FOIA, 5 U.S.C. §§ 551(1), 552(f)(1), and possesses or controls the records that NRDC seeks.

8. Defendant DOJ is a federal agency within the meaning of FOIA, 5 U.S.C. §§ 551(1), 552(f)(1), and possesses or controls the records that NRDC seeks.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

10. Venue is proper in this district because Plaintiff NRDC resides and has its principal place of business in this judicial district. 5 U.S.C. § 552(a)(4)(B).

## STATUTORY FRAMEWORK

11. FOIA requires that federal agencies release information to the public upon request, unless one of nine statutory exemptions applies. *Id.* § 552(a)-(b).

12. Within twenty business days of an agency's receipt of a FOIA request, the agency must "determine . . . whether to comply" with the request. *Id.* § 552(a)(6)(A)(i). The agency must "immediately notify" the requester "of such determination and the reasons therefor." *Id.*

13. In specified "unusual circumstances," an agency may extend the twenty-day time limit for responding to a FOIA request by up to ten working days. *Id.* § 552(a)(6)(B)(i). In such cases, the agency must provide "written notice" to the requester setting forth the unusual circumstances and the date by which it expects to make the determination. *Id.*

14. Once an agency determines that it will comply with the request, it must "promptly" release responsive, nonexempt records to the requester. *Id.* § 552(a)(6)(C)(i).

15. If the agency fails to comply with the statutory time limits, the requester is deemed to have exhausted her administrative remedies and may

immediately file suit. *Id.* District courts may enjoin an agency from withholding agency records and "order the production of any agency records improperly withheld." *Id.* § 552(a)(4)(B).

## FACTUAL BACKGROUND

16. In 2015, EPA and the United States Army Corps of Engineers published the Clean Water Rule, which clarified the scope of "waters of the United States" protected under the Clean Water Act. 80 Fed. Reg. 37,054 (June 29, 2015). Various state and industry plaintiffs challenged the Clean Water Rule in multiple lawsuits filed across the country, including the following:

*State of Texas v. EPA*, No. 3:15-cv-162 (S.D. Tex.);

*American Farm Bureau Fed'n v. EPA*, No. 3:15-cv-165 (S.D. Tex.); and

*State of Georgia v. Wheeler*, No. 2:15-cv-79 (S.D. Ga.).

17. NRDC is an intervenor defendant in both cases in the Southern District of Texas.

18. DOJ recently adopted litigation positions that align with those of the plaintiffs in pending Clean Water Rule litigation against EPA. NRDC is interested in learning to what extent, if any, DOJ and/or EPA coordinated with outside parties in these high-profile cases.

19. On October 7, 2019, NRDC filed a FOIA request with DOJ via email, seeking records reflecting communications since May 1, 2019 between DOJ and any third party about the three lawsuits identified above. The request indicated that "third party means any individual or entity not employed by DOJ or another federal

agency or department, and expressly includes counsel for plaintiffs in the lawsuits listed above." NRDC requested that the agency waive any fees for the search and production of the requested records, pursuant to FOIA's and DOJ's fee waiver provisions. 5 U.S.C. § 552(a)(4)(A)(iii); 28 C.F.R. § 16.10(k).

20. In an email to NRDC dated October 22, 2019, DOJ assigned this request tracking number 2020-05131. DOJ wrote that the agency was "currently processing" NRDC's request and granted NRDC's request for a fee waiver.

21. There have been no further communications from DOJ about this request, and DOJ has not produced any responsive documents to NRDC. The statutory deadline for DOJ to make a determination on NRDC's request was November 5, 2019.

22. On October 8, 2019, NRDC filed a FOIA request with EPA via FOIA Online, seeking records reflecting communications since May 1, 2019 between EPA and any third party about the three lawsuits identified above. The request indicated that "third party means any individual or entity not employed by EPA or another federal agency or department, and expressly includes counsel for plaintiffs in the lawsuits listed above." NRDC requested that the agency waive any fees for the search and production of the requested records, pursuant to FOIA's and EPA's fee waiver provisions. 5 U.S.C. § 552(a)(4)(A)(iii); 40 C.F.R. § 2.107(*l*)(1).

23. EPA assigned this request tracking number EPA-HQ-2020-000185.

24. In an email to NRDC dated October 25, 2019 and referencing tracking number -185, EPA wrote that the request was being assigned to EPA's Office of General Counsel for processing.

25. In an email to NRDC dated October 31, 2019 and referencing tracking number -185, EPA's Office of General Counsel wrote that the office had received the request and would contact NRDC again after it had the opportunity to fully review NRDC's request.

26. In an email to NRDC dated November 5, 2019 and referencing tracking number -185, EPA's Office of General Counsel proposed to conduct a search for responsive records within certain narrow parameters. NRDC responded by email dated November 7 to oppose EPA's limited proposed search and ask EPA to make a final determination on NRDC's request and produce responsive records promptly.

27. There have been no further communications from EPA about this request, and EPA has not produced any responsive documents to NRDC. EPA has also not responded to NRDC's request for a fee waiver. The statutory deadline for EPA to make a determination on NRDC's request was November 6, 2019.

## CLAIM FOR RELIEF

28. Plaintiff incorporates by reference all preceding paragraphs.

29. NRDC has a statutory right under FOIA to receive a determination on its requests by the statutory deadlines, which have passed, and to promptly obtain all records that are responsive to its requests and not exempt from disclosure.

30. The agencies have violated their statutory duty under FOIA, 5 U.S.C. § 552(a), to respond to NRDC's requests by the statutory deadlines and to release all nonexempt, responsive records to NRDC.

31. Because EPA failed to comply with FOIA's statutory deadlines, NRDC has a right to obtain responsive records from EPA without being assessed any search or duplication fees. *Id.* § 552(a)(4)(A)(ii)(II), (viii)(I). NRDC is also entitled to a fee waiver from EPA because the disclosure is likely to contribute to public understanding of government activities and is not in NRDC's commercial interest. *Id.* § 552(a)(4)(A)(iii).

## REQUEST FOR RELIEF

Plaintiff respectfully requests that this Court enter judgment against the defendant agencies as follows:

A. Declaring that the agencies have violated FOIA by failing to issue a determination on, and by failing to produce nonexempt records responsive to, NRDC's FOIA requests by the statutory deadlines;

B. Ordering that the agencies disclose the requested records to NRDC without further delay and, with respect to EPA, without charging search or duplication costs;

C. Retaining jurisdiction over this case to rule on any assertions by any agency that certain responsive records are exempt from disclosure;

D. Ordering each agency to produce an index identifying any records or parts thereof that it withholds and the basis for the withholdings, in the event that any agency claims that certain responsive records are exempt from disclosure;

E. Awarding Plaintiff its costs and reasonable attorneys' fees; and

F. Granting such other relief that the Court considers just and proper.

Respectfully submitted,

/s/ Catherine Marlantes Rahm

Catherine Marlantes Rahm
Natural Resources Defense Council
40 West 20th Street
New York, NY 10011
T: (212) 727-4628
crahm@nrdc.org

Counsel for Plaintiff

Dated: November 14, 2019